IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>vs.<br><br>ERICA J. CUSHING,<br><br>                        Defendant. | 4:14-CR-3093<br><br>MEMORANDUM AND ORDER |

     This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 60) filed by the defendant, Erica J. Cushing. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

     A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was convicted, pursuant to a guilty plea, of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Based on the presentence report, the Court found that the defendant's applicable sentencing range under the Sentencing Guidelines was 151 to 188 months, and imposed a sentence of 151 months' imprisonment. Filing 50 at 2; filing 51 at 1. Judgment was entered on January 12, 2015. Filing 50. The defendant now moves to vacate her sentence pursuant to § 2255, apparently contending that she was a minor or minimal participant in the offense. Filing 60.

DISCUSSION

The defendant's sole argument is that she should receive a reduction in her offense level pursuant to U.S.S.G. § 3B1.2, based on her allegedly minor participation in the offense. Filing 60. Her argument is premised on U.S.S.G. Amend. 794: that amendment, which was effective on November 1, 2015, made no change to the text of § 3B1.2. Instead, it made changes and additions to the commentary to § 3B1.2, to provide additional guidance to courts in determining whether a mitigating role adjustment applies. And Amendment 794 was not made retroactive to defendants who had already been sentenced. *See*, 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); *see also United States v. Hernandez*, 18 F.3d 601, 602 (8th Cir. 1994).

The defendant's argument for vacating her sentence based on Amendment 794 is without merit, for three reasons. First, Amendment 794 is not applicable to the defendant, who had already been sentenced well before Amendment 794 became effective. The defendant cites *United States v. Quintero-Leyva,* 823 F.3d 519, 522-23 (9th Cir. 2016), in which the Ninth Circuit recently held that Amendment 794 applies retroactively to cases on direct appeal. Filing 60 at 1. But this case is not on direct appeal, and was not on November 1, 2015. Furthermore, while the Ninth Circuit applies a "clarifying" amendment to the Sentencing Guidelines retroactively to cases on direct appeal, the Eighth Circuit has rejected that view, holding that only amendments enumerated in § 1B1.10 are to be applied retroactively, even if appellate review has not concluded. *United States v. Dowty,* 996 F.2d 937, 938 (8th Cir. 1993) (citing *United States v. Caceda,* 990 F.2d 707, 710 (2d Cir. 1993)); *see United States v. Williams,* 905 F.2d 217, 218 (8th Cir. 1990).

Second, even if the defendant had some plausible argument for sentencing error, that argument would not be cognizable under § 2255. The Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus,

> this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). And, the Court of Appeals said, ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim, and may not be re-litigated under § 2255. *Sun Bear*, 644 F.3d at 704. In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that a sentence that is within the statutory range cannot be challenged, pursuant to § 2255, on the basis of alleged Guidelines error. *See Sun Bear*, 644 F.3d at 706. Accordingly, *even if* the defendant had a plausible claim that Amendment 794 changed the law applicable to her in a way that supported an additional role adjustment, that claim would not establish a right to relief pursuant to § 2255.

Finally, the defendant waived her right to raise that argument on postconviction relief. The defendant's plea agreement contained a waiver of "any and all rights to contest" her conviction and sentence, "including any proceedings under 28 U.S.C. § 2255," absent specific exceptions not found here. Filing 30 at 5. And the defendant does not contend that her entry into the plea agreement was not knowing and voluntary.

There is no question that a knowing and voluntary waiver of a defendant's right to direct appeal or collateral attack is generally enforceable. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).

A defendant cannot waive the right to challenge an illegal sentence. *DeRoo*, 223 F.3d at 923. But the "illegal sentence exception" to the general enforceability of a waiver is extremely narrow: any sentence imposed within the statutory range is not subject to collateral attack in the face of a valid waiver. *Ackerland*, 633 F.3d at 702; *see United States v. Andis*, 333 F.3d 886,

891-92 (8th Cir. 2003) (en banc); *see also* Sun Bear, 644 F.3d at 705-06. Accordingly, the Eighth Circuit has found that a waiver of appeal or collateral attack is valid with respect to even a constitutional challenge to a sentence, so long as the sentence falls within the statutory range. *See*, United States v. Schulte, 436 F.3d 849, 850-51 (8th Cir. 2006); United States v. Young, 413 F.3d 727, 729-30 (8th Cir. 2005).

In short, the plain language of the defendant's waiver of collateral attack encompasses the argument she raises now, and nothing in the Eighth Circuit's precedent suggests that the waiver is invalid. So, the defendant's § 2255 motion is precluded by her plea agreement.

## CONCLUSION

The defendant's allegations entitle her to no relief. Accordingly, her § 2255 motion will be summarily dismissed.

A movant cannot appeal an adverse ruling on her § 2255 motion unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also* Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of any cognizable § 2255 claim. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1.  The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 60) is denied.

2.  The Court will not issue a certificate of appealability in this matter.

3.  A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at her last known address.

- 5 -

Dated this 20th day of December, 2016.

                                          BY THE COURT:

                                          John M. Gerrard
                                          United States District Judge